```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          EASTERN DIVISION
```

**CHRIS CARBIN, #44718**                                                                  **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 4:08-cv-124-TSL-LRA**

**MDOC, et al.**                                                               **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

This cause comes before this court <u>sua sponte</u> for consideration of dismissal. On November 13, 2008, an order [3] was entered denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee, within thirty days. The plaintiff was warned that his failure to pay the filing fee in a timely manner may result in the dismissal of this case. Plaintiff failed to comply with this order.

On January 15, 2009, an order [5] was entered directing plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to timely comply with the court's November 13, 2008 order. In addition, plaintiff was directed to comply with the November 13, 2008 order by paying the full filing fee, within fifteen days. The show cause order

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

warned plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. Plaintiff did not pay the filing fee as directed by the court's order.

In his response [6] to this court's order to show cause [5], plaintiff argued that he should be allowed to proceed in forma pauperis because plaintiff Parsons in cause number 4:08-cv-136-HTW-LRA was allowed to proceed in forma pauperis. Plaintiff argues that since he assisted plaintiff Parsons in his filing and that their two actions were filed within days of each other, he should be allowed to proceed in forma pauperis as well. The court is not persuaded by this argument. Plaintiff has on not less than three occasions, while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Plaintiff's argument that plaintiff Parsons filed his own complaint within days of his complaint does not exempt plaintiff from the fact that he is barred from filing as a pauper.

Further, plaintiff has failed to comply with two court orders. This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.

See Link v. Wabash R.R., 370 U.S. 626, 629 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  Id. at 629-30.

The court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the defendants have not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice.  See Munday/Elkins Automotive Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED AND ADJUDGED, this the 17th day of March, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE